IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN MARTINEZ and RAQUEL SAUCEDO, individually and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 16-cv-7020 |
| T-MOBILE LIMITED, A/KA WIRELESS VISION, ST. LOUIS, LLC; WIRELESS VISIONS HOLDINGS, LLC; MARK DENHA; OMAR AMMORI and SABER AMMORI, | ) ) ) ) ) ) | Judge Charles P. Kocoras Magistrate Judge Susan E. Cox |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Plaintiffs' petition for attorneys' fees [92] pursuant to this Court's award of sanctions against Defendants. Plaintiffs' counsel seeks $12,457.50 for fees associated with drafting the Motion for Sanctions [68] that was granted by the Court. Defendants have objected to the amount of fees that Plaintiffs seek. For the reasons discussed herein, the petition for attorneys' fees [92] is granted in part and denied in part; the Court awards Mr. Glenn Dunn $5,600.00 in attorneys' fees, and Mr. Jeffrey Brown $2,327.50 in attorneys' fees.

**BACKGROUND**

On May 25, 2017, the Court held a discovery hearing, after which the Court ordered the Defendants to perform searches using certain terms and begin producing emails returned by those searches. [Dkt. 54.] As of July 13, 2017, Defendants had still not produced a single email, and Plaintiffs filed a motion for sanctions [68] on that basis (among others). Defendants contended

1

that the search terms had returned too many emails, and that it would be overly burdensome to review them for production. The Court rejected Defendants' arguments, noting that they had failed to raise the burden argument at the May 25 conference, despite the fact that the number of hits from the Plaintiffs' proposed search terms was knowable at that time, and ruled that "the defendants' failure to produce any e-mail from the search terms that this Court ratified in its May 25, 2017 order is a violation of the Court's discovery order, and sanctions are appropriate." (Dkt. 95 at 25:11-14.) The Court ruled that the "appropriate sanctions" were to pay Plaintiffs' attorneys' fees in preparing their motion for sanctions. The Plaintiffs provided a fee petition in connection with that order, seeking $12,457.50 in fees that are itemized as follows: 1) 16 hours at $550.00/hour for attorney Glenn Dunn, and 2) $3,657,50 at $550.00/hour for attorney Jeffrey Grant Brown. (Dkt. 92.)

Defendants contend that Plaintiffs' fee petition is not reasonable, because: 1) Plaintiffs' motion for sanctions was only partially successful; 2) Plaintiffs' counsel's billing rate was not supported by a third-party affidavit; and 3) much of the billing was for duplicative work, consisting of "ping-ponging" the motion between Messrs. Dunn and Brown. For the reasons discussed herein, the Court rejects those arguments, but adjusts the billable hourly rate downward for Messrs. Dunn and Brown to $350 per hour.

## DISCUSSION

Where, as here, a party "fails to obey an order to provide or permit discovery . . . the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). District courts have discretion to determine fee awards, and certain guidelines aid courts in calculating those fees, such as: (1) time

and labor expended; (2) the difficulty of the legal question; (3) the skill required by the attorney; and (4) the experience of the attorney.[1] *See People Who Care v. Rockford Bd. of Educ., School Dist. No. 205,* 90 F.3d 1307, 1310-11 (7th Cir. 1996)(outlining twelve factors for determining attorneys' fees). These guidelines are also applicable here, where a court has awarded sanctions. *See Hall v. Forest River, Inc.,* 2008 WL 1774216, *1 (N.D. Ind. April 15, 2008)(*citing People Who Care,* 90 F.3d at 1310-11). The party applying for the fees bears the burden of showing the appropriate hours expended and the hourly rate, and "should exercise 'billing judgment' with respect to hours worked." *Hall,* 2008 WL 1774216, *1 (*citing Hensley,* 461 U.S. at 437). Counsel requesting fees should exclude hours that are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. 424 at 434.

**I.    Partially Successful Motion for Sanctions.**

Defendants have no persuaded the Court that the fee petition should be adjusted because Plaintiffs only succeeded on a portion of the issues raised in their motion for sanctions. Defendants' response to the fee petition contains a long string of citations, many of which are from districts and circuits that are not binding on this Court, with very little analysis of the cases or how they apply to this lawsuit. Notably missing from this often redundant recitation of case law was any discussion of a case where a court adjusted a fee petition downwards because the movant's motion for sanctions was not successful on all counts. Moreover, Defendants' characterization of the Court's ruling is incorrect. The vast majority of Plaintiffs' Motion for Sanctions focused on Defendants' failure to produce any email communications, and that is the basis on which the Court

---

[1] Defendants question whether magistrate judges have the authority to sanction parties for discovery violations. Discovery sanctions under Rule 37 are considered non-dispositive matters that are within a magistrate judge's purview of discovery management. *See Knapp v. Evgeros, Inc.*, 2016 WL 2755452, at *1-2 (N.D. Ill. May 12, 2016).

based its ruling. Although Plaintiffs' motion sought sanctions that were not proportionate to the Defendants' conduct – such as dismissal of the case – the Court ultimately agreed with the primary argument posited by the Plaintiffs. In short, the Court does not believe that Plaintiffs' fee petition should be discounted because their motion for sanctions was only partially successful.

**II.    Lack of Third Party Affidavits in Support on Fee Petition**

Although the Court reduces the Plaintiffs' attorneys' billable rate as discussed below, third party affidavits are not required to prove an attorney's billable rate. When determining an attorney's billable rate, the best evidence is the actual billing rate that the attorney uses for comparable work. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). However, where the court cannot determine the actual billing rate (*e.g.*, when the attorney works on a contingent fee basis), the district court should look to the "next best evidence," including evidence of rates other attorneys in the relevant market charge for similar work and "evidence of fee awards the attorney has received in similar cases." *Id.* Although the Seventh Circuit has expressed a preference for third party affidavits, it is by no means a requirement. *See Pickett v. Sheridan Health Center*, 664 F.3d 632, 640 (7th Cir. 2011). The fee applicant bears the burden of showing that the requested rates are reasonable; however, "[i]f a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate." *Id.* (citing *Uphoff*, 76 F.3d at 409).

Neither of Plaintiffs' attorneys in this case has provided sufficient evidence to support their requested billable rates. Glenn Dunn seeks a rate of $550 per hour. He has not provided any evidence that suggests that this is the amount he receives when he bills his clients on an hourly

4

basis. He has not provided any third party affidavits that support his hourly rate.[2] He claims that he was awarded a billable rate of $500 in *Las v. ABM Industries, Inc.*, No. 11-cv-5644 (N.D. Ill.). However, the Court has reviewed the filings in that case and does not believe that it supports any such rate. The order cited by Mr. Dunn makes no mention of billable rates whatsoever, and the affidavit that Mr. Dunn submitted in that case only states that Mr. Dunn "executed a fee arrangement with Named Plaintiffs that entitled Plaintiffs' Counsel to a reasonable percentage of any recovery based on their good faith and reasonable estimation of the value of that part of the recovery." (*Las,* Case No. 11-cv-5644, Dkt. 85-4 at ¶ 19.) It is unclear to the Court how this case supports Mr. Dunn's purported billable rate at all. As for Mr. Brown, his attempts are even more threadbare. Mr. Brown also claims his billing rate is $550. Like Mr. Dunn, Mr. Brown fails to provide any evidence that he has ever billed this amount to a client, and does not provide any third party affidavits. He also fails to cite any case where the rate he seeks was ratified by any court, in this district or otherwise.

As such, it is up to the Court to determine the appropriate billable rate. Unfortunately for the Court, the Defendants have made no attempt to provide any evidence of what a reasonable rate would be. Left with virtually no guidance from the parties, the Court must turn to other cases in this district to determine the reasonable rate for Plaintiffs' attorneys. The Court has reviewed several cases in which plaintiff's counsel sought attorneys' fees in FLSA suits. The most recent and most similar example to this case is *Franks v. Mkm Oil, Inc.*, 2016 WL 861182, at *3-4 (N.D. Ill. March 7, 2016). In that case, an attorney who had been practicing law since 2004 and who primarily worked on a contingent basis in FLSA and other wage cases sought $350 per hour.

---

[2] The Court recognizes that Plaintiffs attempted to rectify this problem by attaching third party affidavits to their reply brief. However, the Court never ordered reply briefs, Plaintiffs never sought leave to file the reply briefs, and the Court struck those briefs and their accompanying materials. (Dkt. 111.)

After a reasoned analysis, the court determined that $330 per hour was the appropriate rate for the attorney. *Id.* at *5. In this case, Mr. Dunn has slightly more experience than the attorney in *Franks* (Mr. Dunn graduated law school in 2001), and a year has elapsed since that decision was rendered. As such, the Court believes that a rate of $350 is reasonable for Mr. Dunn in this matter. Mr. Brown has less experience in the Chicago market, but more experience in the "contingent-fee class action and complex litigation" field. (*See* Dkt 92-2 at ¶ 2.) The best evidence the Court has on how to weigh these competing factors is Mr. Brown's request that he be compensated at the same rate as Mr. Dunn. The Court finds this to be reasonable and the Court will grant that request, albeit at the reduced rate of $350.

### III. Redundant Hours

Finally, Defendants contend that the hours spent on the motion for sanctions are excessive and consist of inappropriate "ping-ponging" of the matter between Mr. Dunn and Mr. Brown. The Court has reviewed the time sheets submitted by Plaintiffs' attorneys, and does not believe that the hours spent are excessive. Mr. Dunn billed 16 hours to the motion, which required research, drafting and editing two briefs, and curating attachments to support the motion. In all, the Court does not believe that the equivalent of two workdays is too much time to spend on the motion and accompanying materials. Mr. Brown billed 6.65 hours to the matter. Half of that time was spent preparing the initial draft of the reply brief for the motion; the remainder of the time was spent reviewing materials related to the motion and providing editorial assistance to Mr. Dunn on the motion. There is nothing untoward about co-counsel collaborating on a filing, and the time spent here by Mr. Brown is not outside the realm of normalcy. As such, the Court finds that the 6.65 hours billed by Mr. Brown is also reasonable under the circumstances. At the revised billable rate of $350, the Court awards Mr. Dunn $5,600, and Mr. Brown $2,327.50.

## **CONCLUSION**

For the reasons discussed above, the Court orders Defendants to pay Mr. Glenn Dunn $5,600.00 in attorneys' fees, and Mr. Jeffrey Brown $2,327.50 in attorneys' fees as sanctions for their failure to obey this Court's previous discovery order.

**IT IS SO ORDERED**

**ENTERED:** 11/1/2017            _____

U.S. MAGISTRATE JUDGE, SUSAN E. COX